# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:08CV15-T-02
## (2:00CR18-02-T)

| | |
|---|---|
| EDDIE DEWAYNE CARRINGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion For Reconsideration and/or Request for Clarification of Memorandum and Order of Dismissal," filed July 17, 2008.

On June 24, 2008, the Court entered a Memorandum and Order dismissing the Petitioner's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 as untimely. **Memorandum and Order of Dismissal, filed June 24, 2008.** Specifically, the Court determined that Petitioner's Judgment of Conviction had become final on July 20, 2001; that he had not filed his § 2255 motion until June 2, 2008; and that he had failed to set forth any basis for excusing his delay and construing his

motion to vacate as timely filed. *Id*. **at 6-9.** Petitioner now asserts that the Court erred in dismissing his motion and should reconsider that matter.

Petitioner argues that the Court erroneously ignored his claim that he is "actually innocent" of the career offender enhancement, and his argument that he could establish a basis for excusing his procedural default of his claims. **Petitioner's Motion, at 6-7.** He also argues that the Court is in error in finding that his limitations period could not be tolled because there was no evidence to support his assertions of mental incompetency and inability to prosecute his motion to vacate any sooner than was attempted. *Id*. **at 8-12.** Petitioner claims the medical records of his pre-indictment substance abuse treatment at Broughton Hospital and of his pretrial psychiatric treatment will substantiate his claim of his inability to litigate his claims in a timely manner. *Id*. **at 3-4.** Notably, however, the medical records which Petitioner claims can substantiate his assertion of post-judgment incapacity relate to treatment which he received before he was convicted. Petitioner does not point to the existence of any evidence which supports his claims of post-conviction addiction and treatment.

Moreover, the law is clear that Petitioner simply is not entitled to cast aside his sworn representations -- that he was not being treated for mental

illness or substance abuse, he was not under a doctor's care and his mind was clear and he understood the proceedings -- made during his Rule 11 hearing.  **See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977) (noting that statements previously made under oath "constitute a formidable barrier" to post-judgment attack based thereon).**  Consequently, the record does not support Petitioner's claim of post-judgment incapacity so as to support his request for equitable tolling.

Last, as the Court stated in its Memorandum and Order, even if Petitioner could substantiate his claim of post-judgment drug abuse and corresponding mental health problems, such evidence still would not justify the equitable tolling of his limitations period because those matters simply are not circumstances external to Petitioner's own conduct as contemplated under the law.  **See  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (noting that equitable tolling generally is available only where petitioner was prevented from asserting claims by wrongful conduct of the Government, or where extraordinary circumstances beyond petitioner's control made it impossible to file claims in timely manner).**

In short, Petitioner has failed to set forth any matters which call into question the Court's earlier determination that his motion to vacate was untimely filed. However, the Court will clarify for Petitioner that its decision to dismiss his motion to vacate was not predicated upon a determination that he had procedurally defaulted the claims set forth therein. Indeed, the Court did not reach the merits of those claims as it was precluded from doing so on the basis of its determination that the entire motion is time-barred. Thus, the Court has no opinion as to whether or not Petitioner can establish cause and prejudice or any other ground for excusing his procedural default, if any, as that question is not germane to the issue of whether any such claims were timely raised.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DENIED,** but his request for clarification is **GRANTED** to the extent that the Court has explained that his motion to vacate was dismissed as time-barred and not on the basis of procedural default.

Signed: July 21, 2008

Lacy H. Thornburg
United States District Judge